UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION NO.: |
| Plaintiff, | HONORABLE: |
| vs. | |
| MICHAEL D. JOHNSON | |
| Defendant, | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Washtenaw County, Michigan within the jurisdiction of this Court and may be served with service of process at 2370 E. Stadium Blvd., Apt. 820, Ann Arbor, MI 48104.

### The Debt – Account No. 1998A11894

3. The debt owed to the United States of America is as follows:

| | | |
|---|---|---|
| A. | Current Principal *(after application of all prior payments, credits, and offsets)* | $2,573.98 |
| B. | Current Capitalized Interest Balance and Accrued Interest | $1,623.13 |
| C. | Administrative Fee, Costs, Penalties | $   15.07 |
| D. | Accrued Capitalized Interest since January 8, 1993 | $5,404.56 |
| | **Total Owed** | **$9,616.74** |

The Certificate of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the rate of 9% per annum.

### **Failure to Pay**

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

    A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

    B. For attorney's fees to the extent allowed by law;

    C. Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

    D. For such other relief which the Court deems proper.

Respectfully submitted,

By: */s/ Craig S. Schoenherr, Sr.*
CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Plaintiff
O'Reilly Rancilio PC
12900 Hall Rd Ste 350
Sterling Heights, MI  48313
Phone: (586) 726-1000
Fax: (586) 726-1560
cschoenherr@orlaw.com

RE: Student Loan Indebtedness of: Michael D. Johnson
8241 Hugh St.
Westland, MI 48185

ACCT. NO.: ▮▮▮▮▮-7359

## CERTIFICATE OF INDEBTEDNESS

I certify that Department of Education records show that the debtor named above is indebted to the United States in the amount stated below plus additional interest from 12-22-92.

On 11-21-81 the debtor executed promissory note(s) to secure loan(s) of $ 2,500.00 from Security Savings & Loan Association at 9 percent interest per annum. The loan(s) was/were guaranteed by a state or private non-profit guarantee agency and was/were reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq.(34 C.F.R. Part 682). The terms of the note(s) required repayment beginning 6 months after the student ceased carrying at least one-half the normal full-time academic workload at an eligible institution. On or before 05-31-83, the student ceased carrying at least one-half the normal full-time academic workload.

The lender(s) demanded payment according to the terms of the note(s), and the student defaulted on the obligation. After attempting collection on the loan, the lender filed a claim with the Guarantee Agency.

Due to this default, the Guarantee Agency, under its guaranty, paid the claim to the lender on 04-17-84. The Guarantee Agency was then reimbursed for the claim payment by the Department of Education under its re-insurance agreement.

The holder(s) capitalized accrued interest of $ 73.98 pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note thereby increasing the original balance to $ 2,573.98. The holder(s) also credit $ 0.00 to the principal balance prior to payment of the claim(s).

On 12-01-85, after attempting collection on the loan(s), the Guarantee Agency assigned all rights and title to the Department of Education.

Since assignment of the loans(s), the Department has received payments totaling $492.96. The debtor's account has been credited with these payments as follows:

| | |
|---|---|
| Late Charges: | $ 0.00 |
| Administrative/Collection Costs: | $ 87.00 |
| IRS Fees/claims | $ _____ |
| Collection Agency Fees: | $ 18.65 |
| Interest: | $ 387.31 |
| Principal: | $ _____ |

After application of the last payment of $100.00 received on 5-29-92 the debtor now owes the United States the following:

| | |
|---|---|
| Principal: | $2,573.98 |
| Interest: | 1,623.13 |
| Administrative/Collection Costs: | 15.07 |
| Late Charges: | |

Total debt as of  12-22-92          $ 4,212.18

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: January 8, 1993          Name: Ruth Prentice

Supervisor:

Title:

Branch:

EX. A

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY
GUARANTEED STUDENT LOAN

44651

## INTERIM NOTE

Date: October 21, 1981

On December 1st, 19 83 or on such accelerated or extended maturity date as provided for herein, for value received the undersigned promises to pay to Security Savings & Loan Association

hereinafter called the Financial Institution, or order the principal sum of $ 2,500.00
together with interest thereon from the date of disbursement of this loan at the rate of 9.00 % per annum. The undersigned hereinafter called the Maker, shall pay such principal and interest at the office of the Financial Institution at 115 W. Michigan Ave. Jackson, MI 49201
or at such other place as the Holder hereof shall designate to the Maker in writing in lawful money of the United States of America.

### DISCLOSURE STATEMENT

**Prepayment:** Maker may prepay all or part of the principal amount of the loan at any time without penalty. Interest shall cease to accrue on the amount of the prepayment as of the date of payment thereof.

**Rebate:** Because there is no precomputed unearned finance charge, there is no amount subject to rebate in the event of prepayment except if prepayment in full occurs because the loan proceeds are not used for educational purposes. The full amount of the prepaid finance charge shall be rebated if the loan is paid in full and the lender does not charge earned interest to either the borrower or to the federal government.

**Interest Accrual:** Interest accrual begins with disbursement of the loan proceeds. Interest will be paid to the Holder on behalf of the borrower by the Federal government if the borrower qualifies for interest subsidy payments under current Federal law and implementing regulations provided school officials have supplied adequate data covering school costs and financial assistance to meet those school costs at the time application was made for this loan.

Loan No. 522549U

(a) Amount of Loan $ 2,500.00
(b) Prepaid Finance Charge $ 25.00
  (Student Loan Insurance Premium)
(c) Amount Financed (a-b) $ 2,475.00
(d) ANNUAL PERCENTAGE RATE
  (1) Prior to repayment .47 %
  (2) During Installment repayment 9.00 %
(e) I understand that, in addition to the other charges disclosed, the lender has charged me a loan origination fee authorized by Federal law in the amount of $ 125.00. The fee may not exceed 5% of the principal amount of the loan.

### ACKNOWLEDGEMENT

The Maker hereby acknowledges having read and understood this Interim Note, including the above disclosure statement and the rights and responsibilities on the reverse side, and acknowledges receipt of an exact copy of this Note at the time of execution of the Note. Principal amount of the loan may be paid at the option of the Maker by executing and delivering an authorized installment Payout Note to the Financial Institution calling for the first payment no earlier than that by the Maker which does not exceed the interest rate of this note; and, a co-signer is required for this Note.

JOHNSON, MICHAEL, D
CLAIM NO 1990050058376  04-05-90
SSN ███-██-7359   TD  1

**Insurance Premium:** The Maker agrees to pay the Financial Institution, a premium that the Financial Institution is required to pay to the Michigan insurance coverage on this Note, and such Premium is due and payable i...

**Acceleration:** The Maker agrees (1) if he or she reduces his or her course of study to less than half time status or, (2) transfers to a school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this Note is accelerated. The accelerated maturity date on a 7% loan shall be not less than nine months nor more than twelve months after the date of the occurrence of either event of acceleration. The accelerated maturity date on a loan with an interest rate other than 7% shall be six months after the date of the occurrence of either event of acceleration.

**Extension:** The Maker further agrees that if the expected completion of studies date changes during the period of this loan and that if a period of less than half time enrollment status at a participating school or non-attendance at any school or enrollment at a non-participating school does not exceed the maximum grace period, the maturity date of this Note may be extended. The new grace period for loans evidenced by a Note at a 7% rate of interest may not be less than nine months nor more than twelve months following the new completion of studies date. The new grace period for loans evidenced by a Note at a rate greater than 7% shall be six months following the new completion of studies date.

**Deferment:** Once the maturity date of this Note occurs, repayment is required to begin; however, repayment may be deferred, if prior to executing a Payout Note, the Maker enters into a deferrable condition as authorized by Federal Law. Conditions and requirements for deferment are enumerated on the reverse side of this Note and are considered as part of this Note.

**Maker:** The Maker promises to (1) use the proceeds of the loan evidenced by this note solely to pay educational expenses attendant to his or her attendance at the participating school at which the Maker is accepted for enrollment or is already enrolled on this date and (2) send written notice to the Financial Institution and to the Michigan Higher Education Assistance Authority of any changes occurring in enrollment status, home address or the occurrence of any event which would cause the Holder to declare this note in default.

The Maker and Co-Maker shall be jointly and severally liable and the term "Maker" whenever used herein shall apply to the Maker or any one or more of them. If the Maker shall default on this note by reason of death or total and permanent disability, the indebtedness shall be paid in full to the Financial Institution by the Michigan Higher Education Assistance Authority on behalf of the Maker. If the Maker shall default on this note by reason of delinquency, the unpaid balance shall, at the option of the Holder, become immediately due and payable without notice on demand and if the Holder shall incur any extra costs or expenses in connection with collections thereof, there shall additionally come due from the Maker all reasonable expenses and attorney fees and the Holder may take judgment for all such sums.

The Maker acknowledges that he or she is legally obligated, under Section 8, Act No. 77 of the Public Acts of 1960, for the payment of the note even though he or she may be under eighteen (18) years of age. No delay on the part of the Holder or Guarantor hereof in exercising any of its options, powers, or rights or partial or single exercise thereof, shall constitute a waiver of any of such powers, options, or rights.

The Maker acknowledges if Maker and Holder agree an installment payout note may be executed calling for repayment to begin earlier than the maturity date of this note and for payments which exceed the $360 yearly minimum or five year minimum term. In instances of such agreement the grace period may not be restored; however, the Maker may at any time refinance this note to the extent that the Maker may have a total note term of at least five years but no more than ten years for repayment.

| CO-MAKER SIGNATURE | MAKER SIGNATURE X /s/ Michael D. Johnson |
|---|---|
| TYPED NAME | TYPED NAME Michael D. Johnson |
| ADDRESS | ADDRESS 806 S. Webster St. |
| CITY ____ STATE ____ ZIP ____ | CITY Jackson STATE MI ZIP 49203 |
| SOCIAL SECURITY NO. ☐☐☐-☐☐-☐☐☐☐ | SOCIAL SECURITY NO. ███-██-7359 |

### NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Holder in the event the Maker permits this note to become in default as defined by regulations of the Michigan Higher Education Assistance Authority. In the event of default, the Maker's obligation to the Holder is transferred to the Michigan Higher Education Assistance Authority.

The undersigned hereby sells, assigns, transfers and set over to the Michigan Higher Education Assistant Authority, Lansing, Michigan, its interest in this note—
SECURITY SAVINGS & LOAN  /s/ Barbara J. Chapin
Barbara J. Chapin

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY
Authorized Official /s/ Patrick Cummings

LENDER COPY

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY
GUARANTEED STUDENT LOAN

446-51

INTERIM NOTE

ADDENDUM TO INTERIM PROMISSORY NOTE

DATED: October 21, 1981

Payment of Loan Origination Fee

I understand that, in addition to the other charges disclosed in the promissory note, the lender has charged me and I agree to pay a loan origination fee authorized by federal law in the amount of $ 125.00. This origination fee may be deducted from the proceeds of the loan. The origination fee may not exceed 5% of the principal amount of the loan. The origination fee is not included in calculating and disclosing the annual percentage rate stated in the disclosure section of the promissory note.

No Six Month Post-Deferment Grace Period

I understand that if my loan is disbursed on or after October 1, 1981, notwithstanding the other provisions of the promissory note to which this addendum applies, the loan shall not be eligible for a six month post-deferment grace period following any authorized period of deferment.

Minimum Annual Repayment

I understand that if the loan is disbursed on or after October 1, 1981, notwithstanding the other provisions of the promissory note to which this addendum applies, the lender may require a repayment period shorter than 5 years of this is necessary to insure that during each year of the repayment period I or, if both my spouse and I have guaranteed student loans outstanding, we pay toward principal and interest at least $600 or the unpaid balance, whichever is less, of the total amount owing to all holders of my (our) guaranteed student loans.

Maker's Signature _Michael D. Johnson_ Date _____

Co-Maker's Signature (if required) _____ Date _____

Financial Institution Name   Security Savings & Loan Assoc.

I.D. Number   826782